**STATE of Missouri, Plaintiff–Respondent,**

v.

**David REED, Defendant–Appellant.**

**No. 60926.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

May 18, 1993.

Elizabeth Haines, Asst. Public Defender, St. Louis, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Chief Judge.

Defendant, David Reed, appeals convictions as a prior and persistent offender of burglary in the second degree, two counts, § 569.170 RSMo 1986, and stealing over $150, § 570.030 RSMo 1986. We affirm.

On October 22, 1990, Gloria Wiley discovered her upstairs apartment had been burglarized. A VCR, Nintendo and a game cartridge were reported missing. Earlier that afternoon, Ms. Wiley's downstairs neighbor discovered his apartment had also been burglarized. He noticed jewelry, some liquor and a velvet box were missing and called the police.

Three days later, Mr. Houston, the downstairs neighbor, again called police to inform them he believed defendant was responsible for the burglary. Police agreed to meet him at the home of defendant's mother with whom defendant was living. Mr. Houston waited outside while police searched the house under consent of defendant's mother. Police located several pieces of jewelry and the velvet box, which Mr. Houston was able to identify. The detectives also found a Nintendo which was later identified by Ms. Wiley. Defendant was then arrested for burglary.

In his first of four points on appeal, defendant contends the court erred in refusing to issue a Writ of Body Attachment compelling defense witness Melissa Mozee to testify. The witness had been properly served with a subpoena but indicated through a letter to defendant that she would not testify. Defendant claims the witness was necessary because she would testify she purchased the personal property found at defendant's home, although it had

been identified as stolen. If true, this would account for defendant's possession and provide a defense. In particular, defendant claims the witness would testify that she bought the jewelry found at the Reed house. Additionally, defendant complains the error was compounded when the prosecutor made reference to the absence of the witness during closing argument.

Section 491.150 RSMo 1986 provides a witness who was summoned but refuses to appear "may be compelled" to appear through the writ of attachment against his body. The use of the word "may" grants some discretion for the trial court. *J.A.A. v. A.D.A.*, 581 S.W.2d 889, 895 (Mo.App. 1979). Review, therefore, is under the abuse of discretion standard. *Id.* We find no abuse of discretion in this case.

The state argues this issue was not brought to the trial court's attention until post trial motions. However, the transcript clearly indicates an in chambers discussion of the matter. The reasons expressed by the court for not issuing the writ include extensive previous delays, the witness was friendly to defendant who sought the writ and the witness would not add any significant information.

We find no abuse of discretion primarily because the testimony of the absent witness would not provide a complete defense. The state's case depended on jewelry and non-jewelry stolen property. The witness was said to have relevant testimony only as to the former. The non-jewelry items would not be accounted for and they would remain as unopposed evidence to support a guilty verdict, assuming the jury found the witness credible. Previous delays, the friendly relationship of defendant with the missing witness, and the limited nature of the testimony are sufficient to conclude the court did not commit prejudicial error in the ruling.

Defendant further complains of error because the prosecutor referred to the missing witness in closing argument. However, defendant made reference to the same facts in his closing argument. The prosecutor made no mention of the witness until rebuttal. Because defendant invited the comments made in reply, the court did not err in allowing the rebuttal.

In point two, defendant complains the state improperly referenced his decision not to testify. The statement complained of was "you have heard absolutely no evidence that the property belonged to David Reed."

When the reference to defendant's decision not to testify is indirect, the statement must be reviewed in context to determine if it highlighted or was reasonably apt to direct the jury's attention to the fact defendant did not testify. *State v. Gleason*, 813 S.W.2d 892, 897 (Mo.App. 1991). A prosecutor may make reference to a defendant's failure to offer evidence. *Id.*

The statement by the prosecutor was wholly unnecessary. Argument of proof of charged acts is preferable to arguing nonproof of a defense. However, in this case two factors save the day for the state. First, defendant provoked this rebuttal in his closing argument by referencing the missing witness. Second, defendant's family members testified they did not know who was the owner of the jewelry. Therefore, it is absolutely certain defendant's decision not to testify was not the only possible inference to be drawn. The statement brought no unnecessary attention to defendant's absence on the witness stand. It could be a reference to the failure of the relatives to identify items as property belonging to the defendant.

The second statement complained of was:

I think that after you look at all of the evidence as to who had the motive to be truthful and to lie in the case you will find it's definitely not the state of Missouri or the victims but the defendant and his family because he's the person that has every reason—

This statement does not refer in a clear and certain manner to defendant's decision not to testify. It merely suggests the defendant, who called witnesses, and his family members who testified, have a reason to

fabricate a story. Also, this statement was made in rebuttal to defendant's closing argument related to a motive of state's witnesses to lie. Point denied.

Third, defendant contends a police department computer printout showing the request for additional officers and the number of officers dispatched was inadmissible due to lack of foundation as a business record. He argues the printout is, therefore, inadmissible hearsay.

While this may be true, we find defendant suffered no prejudice. The burden is on defendant to establish prejudice in the admission of such evidence before reversal is warranted. *State v. Leisure*, 796 S.W.2d 875, 879 (Mo. banc 1990). The information contained in the report was not vital to the case for either side. The printout did not represent additional evidence of guilt of defendant in a property crime case. Point denied.

Finally, defendant contends error in defining reasonable doubt as firmly convinced. Repeatedly, this court has rejected this theory following *State v. Griffin*, 848 S.W.2d 464 (Mo. banc 1993).

Judgment affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.